

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DENNIS MCCLAIN,

    Plaintiff,

v.                                  Civil Action No. 3:13CV325

WILLIAM MUSE, et al.,

    Defendants.

**MEMORANDUM OPINION**

Dennis McClain, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343.

**I. Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

§ 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v.

3

United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

McClain, a Virginia inmate eligible for discretionary parole, brings this action against William Muse, Chairman of the Virginia Parole Board ("VPB"), other members of the VPB,[2] and Trudy Harris, an investigator with the VPB (collectively "Defendants").[3] (Compl. 1-2.)[4] McClain raises the following grounds for relief:

---

[2] McClain also names the following members of the VPB: Karen Brown, Retia Angelone, Frederick Quayle, and Minor Stone. (Compl. 3.)

[3] "McClain is serving a life sentence for his March 1990 convictions including murder, robbery, burglary, abduction, and use of a firearm." *McClain v. Clarke*, No. 3:13cv324, 2013 WL 6713177, at *1 (E.D. Va. Dec. 18, 2013) (citation omitted).

[4] The Court employs the pagination assigned by the Court's CM/ECF docketing system. The Court corrects the capitalization and spelling in the quotations to the Complaint.

| | |
|---|---|
| Claim One | "Defendants abused their discretionary powers by denying Plaintiff['s] appeal without considering the evidence in his appeal." (Id. at 5.) |
| Claim Two | "Defendants abused their discretionary power since the only ground for denial of parole release is based on a factor that will never change . . . ." (Id.) |
| Claim Three | Defendants have denied Plaintiff "parole relief thirteen (13) times in violation of his substantial and procedural due process rights[5] under the same factors (serious nature of offense)." (Id.) |
| Claim Four | "Defendants have applied Va[.] Code § 53.1-155 retroactively toward Plaintiff abolishing his parole eligibility altogether." (Id.) |

### III. Analysis

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Here, the only constitutional right McClain directly identifies is his right to due process in Claim Three.

---

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

5

### A. Claim Three

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. Morrissey v. Brewer, 408 U.S. 471, 481 (1972) (observing that "due process is flexible . . . . not all situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself, or from state laws and policies. Wilkinson v. Austin, 545 U.S. 209, 220-21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole."

6

Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)).

Contrary to McClain's view, Virginia statutory framework governing parole, "far from creating a 'presumption that release will be granted,' Greenholtz, [442 U.S. at 12], absolutely prohibits parole unless the Parole Board decides otherwise." James v. Robinson, 863 F. Supp. 275, 277 (E.D. Va.), aff'd, No. 94-7136, 1994 WL 709646, at *1 (4th Cir. Dec. 22, 1994)). The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent statutes in Virginia governing release on discretionary parole fail to create a protected liberty interest in release on parole. See Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (citing Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991); Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996)). Virginia, however, has created a limited liberty interest in consideration for parole. Burnette v. Fahey, No. 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010); Burnette, 687 F.3d at 181. "'The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole.'" Burnette, 2010 WL 4279403, at *8 (alteration in original) (quoting Neal, 2008 WL 728892, at *2).

7

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." Burnette, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette, 2010 WL 4279403, at *8 (citation omitted).

Here, the VPB consistently provided McClain with a statement of its reasons for denying him release on parole. (ECF No. 1-5, at 2-7.) In comparable circumstances, the Fourth Circuit has "concluded that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of 'the seriousness of [his] crime' and his 'pattern of criminal conduct.'" Burnette, 2010 WL 4279403, at *8 (alteration in original) (quoting Bloodgood v. Garraghty, 783 F.2d 470, 472, 474 (4th Cir. 1986)). Because McClain has received all of the process the Constitution requires, Claim Three will be dismissed with prejudice.

B.  **Claim Four**

In Claim Four, McClain obliquely suggests that the VPB violated the Ex Post Facto Clause[6] by applying Va. Code § 53.1-155[7] "retroactively toward[s] Plaintiff abolishing his parole eligibility." (Compl. 5.) "To state a claim for a violation of this provision, a [litigant] must plead facts showing the retroactive application of a new rule that 'by its own terms' or through 'practical implementation' creates a 'significant risk' of extending the period of incarceration to which he is subject." Burnette, 687 F.3d at 184 (citing Garner v. Jones,

---

[6] "No . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

[7] At the time of McClain committed his crimes that statute stated, in pertinent part:

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner. The provisions of this section shall not be applicable to persons released on parole pursuant to § 53.1-159.

Va. Code Ann. § 53.1-155 (Michie 1990). McClain fails to explain how the application of this statute abolished parole or violated the Ex Post Facto Clause.

9

529 U.S. 244, 255 (2000)). McClain has pled no such facts.[8] Accordingly, Claim Four will be dismissed.

C. **Claims One and Two**

Generally, a Court should dismiss supplementary state law claims if the federal claims are dismissed before trial. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Because the Court dismisses the federal claims for failure to state a claim, Claims One and Two, which at most raise a violation of state law, will be dismissed without prejudice.

The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to McClain.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 30, 2014
Richmond, Virginia

---

[8] The fact that the VPB may now act less leniently "with respect to violent offenses" fails to indicate that the VPB "has implemented a de facto prohibition of parole for persons convicted of these offenses." Burnette, 687 F.3d at 185.

10